Foster Drug Co. v. Zeller & Sons Co., 191 Ill. App. 508.

---

## Foster Drug Company, Defendant in Error, v. Zeller & Sons Company, Plaintiff in Error.

### Gen. No. 19,668. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed February 24, 1915.

### Statement of the Case.

Action by Foster Drug Company, a corporation, against Zeller and Sons Company, a corporation, to recover the invoice price of goods returned. From a judgment for $84.15 against defendant in favor of plaintiff, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Foster Drug Co. v. Zeller & Sons Co., 191 Ill. App. 508.

Plaintiff bought silverware of defendant for $127. The written contract contained the following provision: "If proposition is unsatisfactory after six months' trial, all goods on hand to be repurchased by Zeller & Sons Co., Inc., Chicago, Ill., at original invoice price."

Upon being reminded by defendant that if plaintiff desired to avail itself of the repurchase provision of the contract it must first pay for the goods, plaintiff sent a check for the original purchase price, with an indorsement thereon substantially as follows:

"This check is given in payment of invoice dated July 28, 1911, for silverware, and is given with the distinct understanding that the firm Zeller & Sons Company * * * will repurchase the remainder of all the original purchase as per above dated invoice of silverware remaining on hand February 15, 1912, at the original invoice price. The acceptance of this check is an acceptance of the above conditions.

Foster Drug Co.,
per M. M. Lyons."

Defendant accepted and cashed the check.

Albert O. Olson, for plaintiff in error; James J. Leahy, of counsel.

Hoyne, O'Connor & Irwin, for defendant in error; Carl J. Appell, of counsel.

Mr. Justice Smith delivered the opinion of the court.

### Abstract of the Decision.

1. Depositions, § 38*—*grounds for suppression.* Where a deposition is taken upon oral interrogatories propounded by the commissioner in person to the witness, a motion to suppress the deposition on such a ground is not well taken under Hurd's R. S. ch., 51, sec. 30 (J. & A. ¶ 5547).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Foster Drug Co. v. Zeller & Sons Co., 191 Ill. App. 508.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*insufficiency of defense as ground for striking affidavit of merits.* Portions of an affidavit of merits filed in the Municipal Court may be stricken where the same do not present a defense to the action.

3. APPEAL AND ERROR, § 1488*—*effect of improper evidence where other evidence sufficient to sustain court's finding.* Where it was contended that the trial court erroneously admitted a letter from defendant to plaintiff and the invoice of articles thereon referred to, without any proof that the letter was properly addressed and mailed, with postage prepaid, or that it was received by the plaintiff, *held* that even if the evidence was improperly admitted it would not constitute reversible error, since it will be presumed that the trial court disregarded any improper evidence when there is sufficient competent evidence to justify the finding of the court on a trial without a jury.

4. DEPOSITIONS, § 42*—*waiver of insufficiency of foundation for introduction of letter.* The objection that a trial court improperly admitted a letter from defendant to plaintiff and an invoice of articles therein referred to, without any proof that the letter was properly addressed and mailed, with postage prepaid, or was received by plaintiff, cannot be taken advantage of where such evidence was in a deposition and the objection was not raised before the trial.

5. SALES, § 199*—*effect of delivery to carrier to pass title to consignee.* Where the purchaser of goods delivers the same to a carrier for transportation to the seller under an express contract providing for the return of the same, the title to the goods passes to the consignee when they are delivered to such carrier.

6. SALES, § 430*—*waiver of right to object to return of goods.* In an action for the invoice price for goods returned under the provisions of an express contract providing for the return of the same, where defendant's agent testified that defendant was prepared to repurchase the goods as soon as it had an opportunity to inspect them, and that it had at all times been prepared to accept the goods as soon as it had an opportunity to inspect and had been given the information as to the quantity and quality on hand, the refusal of the goods upon such ground by the consignee was a waiver of all other grounds of which the consignee then had knowledge, such as the claim that they should not have been shipped by express.

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.